**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4243**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TROY LAMONT CHISOLM,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Solomon Blatt, Jr., Senior District Judge.  (9:05-cr-00428)

_____

Submitted:  May 29, 2008          Decided:  June 3, 2008

_____

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David B. Betts, Columbia, South Carolina, for Appellant.  Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Lamont Chisolm was convicted by a jury of possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g) (2000), and was sentenced to 210 months imprisonment. Chisolm timely appealed. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), identifying no meritorious grounds for appeal but questioning whether the district court erred by denying Chisolm's Fed. R. Crim. P. 29 motion for judgment of acquittal. Chisolm has also filed a supplemental pro se brief in which he claims that the government failed to meet its burden of proving that the gun traveled in interstate commerce and that he was denied effective assistance of counsel.

We review de novo a district court's decision to deny a Rule 29 motion for judgment of acquittal. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, this court "do[es] not review the credibility of the witnesses and assume[s] the jury resolved all contradictions in the testimony in favor of the government." United States v. Sun, 278 F.3d 302, 313

(4th Cir. 2002). The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In order to convict Chisolm under § 922(g)(1), the government had to establish that: (1) Chisolm previously had been convicted of a felony, (2) he knowingly possessed the firearm, and (3) the possession was in or affecting interstate or foreign commerce. See United States v. Gilbert, 430 F.3d 215, 218 (4th Cir. 2005). Chisolm stipulated to the first and third elements at trial; accordingly, the only element remaining for the jury to determine was whether Chisolm possessed the weapon and ammunition at issue. Viewing the evidence in the light most favorable to the government and resolving all contradictions in the testimony in favor of the government, the evidence showed that Chisolm was arrested after a high-speed chase which ended with him crashing into a tree. A 9mm semiautomatic pistol and its ammunition were found in Chisolm's vehicle in which he was the sole occupant. We find that jurors could reasonably conclude that Chisolm actually or constructively possessed the gun and ammunition.

In his supplemental pro se brief, Chisolm also asserts that he was denied effective assistance of counsel. Claims of ineffective assistance of counsel are not generally cognizable on

direct appeal unless ineffective assistance conclusively appears on the record.  See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003).  Chisolm fails to make this showing.  Accordingly, we decline to consider this issue on direct appeal.  Should Chisolm wish to do so, he may pursue this claim in an appropriate motion for post-conviction relief.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Chisolm's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED